# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. ERVIN, an individual,<br><br>                    Plaintiff,<br>     vs.<br>COUNTY OF SAN DIEGO, and DOES 1-10, inclusive,<br><br>                    Defendants. | CASE NO. 14cv1142 WQH (BGS)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is "Plaintiff's Notice of State Proceedings Ended," filed by Plaintiff John L. Ervin. (ECF No. 27).

## BACKGROUND

On May 6, 2014, Plaintiff John L. Ervin, proceeding pro se, initiated this action by filing a Complaint, alleging that Defendant County of San Diego violated 42 U.S.C. § 1983 and seeking damages and injunctive relief. (ECF No. 1).

On May 28, 2014, Defendant filed a Motion to Stay the Action, or in the alternative, Dismiss Plaintiff's Complaint. (ECF No. 4). On July 21, 2014, the Court issued an Order staying the action "pending final resolution of the related action pending in San Diego County Superior Court." (ECF No. 9 at 2). The July 21, 2014 Order stated that "[b]ased upon the agreement of the parties and the Court's review of the filings in this action, the Court finds that *Younger* abstention is appropriate due to the pending state-court action captioned, *Ervin v. San Diego County*, San Diego County Superior Court case number 37-2014-00000207-CU-WM-CTL" and stayed the action

1  "pending final resolution of the related action pending in San Diego County Superior
2  Court." (ECF No. 9 at 2).

3  On January 27, 2015, Plaintiff filed the document titled "Plaintiff's Notice of
4  State Proceedings Ended." (ECF No. 27). Plaintiff asserts that "[p]ursuant to the
5  Court's Order, dated July 21, 2014, Plaintiff intends to and hereby does notice that the
6  state-court action captioned, *Ervin v. San Diego County*, San Diego County Superior
7  Court case number 37-2014-00000207-CU-WM-CTL has finally concluded." (ECF
8  No. 27 at 1). Plaintiff asserts that Defendant County of San Diego has held a second
9  and third administrative hearing, and the decision in the third administrative hearing
10 was final and received on January 27, 2015. Plaintiff requests the case be "immediately
11 reopened and that he be granted leave to amend his complaint to account for the
12 intervening facts including raising new causes of action and adding new defendants.
13 Plaintiff will require one week from the date of the order to prepare the amended
14 complaint." *Id*.

15 On February 3, 2015, the Court issued an Order construing Plaintiff's Notice of
16 State Proceedings Ended as a Motion to Reopen the case and a Motion for Leave to
17 Amend. (ECF No. 28 at 2).

18 On February 10, 2015, Defendant County of San Diego filed an opposition.
19 (ECF No. 29). Defendant does not oppose Plaintiff's motion to reopen the case. *See*
20 ECF No. 29 at 2 ("Based upon Plaintiff's implication that he will not be initiating
21 further writ proceedings in state court, the County does not dispute Plaintiff's assertion
22 that the state action has concluded, and thus does not oppose the reopening of this
23 federal action."). However, Defendant contends that the Court should deny Plaintiff's
24 request for leave to amend his complaint because "Plaintiff violated the Southern
25 District's Local Rules by not submitting any proposed amendment." *Id*. Defendant
26 contends that the inability of the County to assess the timeliness, validity and/or
27 substance of any such amendment warrants the denial of Plaintiff's motion for leave to
28 file an amended pleading. *Id*.

## I. Motion to Reopen

The parties do not dispute that the state court action has ended. The Motion to Reopen is granted.

## II. Motion for Leave to Amend

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). The Local Rules of the Southern District state that "[a]ny motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows ---- through redlining, underlining, strikeouts, or other similarly effective typographic methods --- how the proposed amended pleading differs from the operative pleading." CivLR 15.1(b).

Plaintiff's Motion for Leave to Amend is not accompanied by a copy of the proposed amended pleading, or a version of the proposed amended pleading that shows how the proposed amended pleading differs from the operative pleading. The failure to attach a proposed amended pleading prevents the court from determining whether the proposed amended complaint would result in undue delay, is made in bad faith, will cause prejudice to Defendant, or is a dilatory tactic. *See Chodos*, 292 F.3d at 1003. Plaintiff's Motion for Leave to Amend is denied.

//
//
//
//

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion to Reopen (ECF No. 27-1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend (ECF No. 27-2) is DENIED. Plaintiff may file a Motion for Leave to Amend which complies with Local Rule 15.1 within thirty (30) days of the date this Order is issued or the Court will proceed with Plaintiff's Complaint (ECF No. 1) as the operative pleading.

DATED: February 13, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge