1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. ERVIN, an individual, | CASE NO. 14cv1142 WQH (BGS) |
| Plaintiff, | |
| vs. | ORDER |
| COUNTY OF SAN DIEGO, and DOES 1-10, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are Plaintiff's Motion to File First Amended Complaint (ECF No. 33), and Plaintiff's Motion for Permanent Injunction (ECF No. 31-3).

## BACKGROUND

On May 6, 2014, Plaintiff John L. Ervin, proceeding pro se, initiated this action by filing a Complaint, alleging that Defendant County of San Diego violated 42 U.S.C. section 1983 and seeking damages and injunctive relief. (ECF No. 1).

On May 28, 2014, Defendant filed a Motion to Stay the Action, or in the alternative, Dismiss Plaintiff's Complaint. (ECF No. 4). On July 21, 2014, the Court issued an Order staying the action "pending final resolution of the related action pending in San Diego County Superior Court." (ECF No. 9 at 2). The July 21, 2014 Order stated that "[b]ased upon the agreement of the parties and the Court's review of the filings in this action, the Court finds that *Younger* abstention is appropriate due to the pending state-court action captioned, *Ervin v. San Diego County*, San Diego County

Superior Court case number 37-2014-00000207-CU-WM-CTL" and stayed the action "pending final resolution of the related action pending in San Diego County Superior Court." (ECF No. 9 at 2).

On January 27, 2015, Plaintiff filed a document titled "Plaintiff's Notice of State Proceedings Ended." (ECF No. 27). On February 3, 2015, the Court issued an Order construing Plaintiff's Notice of State Proceedings Ended as a Motion to Reopen the case and a Motion for Leave to Amend. (ECF No. 28 at 2). On February 13, 2015, the Court issued an Order granting Plaintiff's Motion to Reopen and Denying Plaintiff's Motion for Leave to amend because Plaintiff's Motion for Leave to Amend was not "accompanied by a copy of the proposed amended pleading, or a version of the proposed amended pleading that shows how the proposed amended pleading differs from the operative pleading" as required by Local Rule 15.1(b). (ECF No. 30 at. 3). The Order further stated that "Plaintiff may file a Motion for Leave to Amend which complies with Local Rule 15.1 within thirty (30) days of the date this Order is issued or the Court will proceed with Plaintiff's Complaint (ECF No. 1) as the operative pleading." (ECF No. 30 at 4).

On February 17, 2015, Plaintiff filed "Plaintiff's Ex Parte Application for an Order Preventing His Listing on CACI." (ECF No. 31).

On February 20, 2015, Plaintiff filed the Motion to File First Amended Complaint. (ECF No. 33). On March 9, 2015, Defendant County of San Diego filed a response. (ECF No. 35). On the same day, Plaintiff filed a reply. (ECF No. 36).

On March 3, 2015, the Court issued an Order on "Plaintiff's Ex Parte Application for an Order Preventing His Listing on CACI" (ECF No. 31) stating that:

> IT IS HEREBY ORDERED that Plaintiff's request for "[a] temporary restraining order which compels [D]efendant County to request from California's Department of Justice the removal of [P]laintiff's name from the Child Abuse Central Index" is DENIED. (ECF No. 31-1).

> IT IS FURTHER ORDERED that Plaintiff's request for "[a] temporary restraining order which enjoins the County from submitting [P]laintiff's name to the CACI pending further orders of the Court" is DENIED. (ECF No. 31-2).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IT IS FURTHER ORDERED that the motion for permanent injunction (ECF No. 31-3) remains pending. Defendants shall file any response to Plaintiff's motion for permanent injunction by March 16, 2015. Plaintiffs shall file any reply by March 23, 2015.

(ECF No. 34). On March 16, 2015, Defendant filed an opposition to Plaintiff's motion for preliminary injunction. (ECF No. 37). On March 23, 2015, Plaintiff filed a reply. (ECF No. 38).

## MOTION FOR LEAVE TO AMEND (ECF No. 33)

### I. Contentions of Parties

Plaintiff contends that the motion for leave to amend the complaint was not made in bad faith. Plaintiff contends that the matter was stayed pursuant to Defendant's motion and Plaintiff could not bring a motion to amend. Plaintiff contends that he discovered new acts by Defendant and its employees during the stay. Plaintiff contends that additional claims asserted in the First Amended Complaint did not ripen until plaintiff prevailed on the petition during the stay. Plaintiff further contends that "the facts which evidence the need for declaratory relief declaring two statutes under California's Penal Code unconstitutional were likewise not available until the County, in their actions, made clear that options for removal of an improperly listed individual on California's Child Abuse Central Index are so easily subject to manipulation from the County as to be, de facto unavailable." (ECF No. 33 at 3).

Defendant contends that Plaintiff's proposed amendments to the first cause of action are futile and made in bad faith. Defendant contends that the amendments adding Robert Lough, grievance officer for the County of San Diego, and Debra Zanders-Willis, head of the San Diego Department of Child Welfare Services, are futile "because they fail to state viable claims against either Mr. Lough or Ms. Zanders-Willis, and would thus be subject to dismissal." (ECF No. 35 at 4). Defendant contends that "Lough cannot be held individually liable because his alleged conduct is cloaked in absolute quasi-judicial immunity." *Id.* Defendant contends that Plaintiff has failed to allege sufficient facts to show that Ms. Zanders-Willis' individual actions violated his civil rights, or alternatively, that she had knowledge of and consciously acquiesced in

the unconstitutional conduct of her subordinates. Defendant contends that Plaintiff has failed to adequately allege that either Mr. Lough or Ms. Zanders-Willis acted in a manner that violated his constitutional rights and Plaintiff fails to establish a causal link between the County's alleged unlawful policies and Mr. Lough's and Ms. Zanders-Willis' complained-of behaviors. Defendant further contends that the amendments adding Brenda Daly to the action are futile and made in bad faith. Defendant contends that the cause of action against Daly is time-barred. Defendant contends that the wording of the first amended complaint also shows that Plaintiff seeks to add Daly to this action for the wrongful purpose of harassing her.

Defendant contends that the first amended complaint's second cause of action is futile because Plaintiff cannot retroactively request damages in state writ proceedings that have concluded.

Finally, Defendant contends that the first amended complaint's fourth cause of action is futile because the relief requested is legally prohibited.

## II.   Discussion

Federal Rule of Civil Procedure 15 states: "A party may amend its pleading once as a matter of course..." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's consent or the courts leave." Fed. R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*,

833 F.2d 183, 187 (9th Cir. 1987).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital*, 316 F.3d at 1052.

After review of the Motion for Leave to File First Amended Complaint and the filings of the parties, the Court concludes that Defendant has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend.  *See Eminence Capital*, 316 F.3d at 1052.  The Court will defer consideration of any challenge to the merits of the proposed first amended complaint until after the amended pleading is filed.  *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").  The Motion for Leave to File First Amended Complaint is granted.

## MOTION FOR PERMANENT INJUNCTION (ECF No. 31-3)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted) (emphasis in original).  To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Plaintiff's motion for preliminary injunction and Defendant's opposition are based on the allegations of Plaintiff's Complaint.  The Court has granted Plaintiff's Motion for Leave to File First Amended Complaint and the Complaint is no longer the operative pleading.  Plaintiff's motion for preliminary injunction is denied without prejudice to refile upon the filing of a first amended complaint.

14cv1142 WQH (BGS)

1

**CONCLUSION**

2        IT IS HEREBY ORDERED that Motion for Leave to File First Amended

3    Complaint is GRANTED.  (ECF No. 33).  Plaintiffs shall file a first amended complaint

4    within twenty (20) days of the date this order is filed.

5        IT IS FURTHER ORDERED that Plaintiff's Motion for Permanent Injunction

6    (ECF No. 31-3) is DENIED without prejudice.

7    DATED:  March 26, 2015

8

**WILLIAM Q. HAYES**
9                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28