# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. ERVIN, | CASE NO. 14cv1142-WQH-BGS |
| Plaintiff, | ORDER |
| v. | |
| COUNTY OF SAN DIEGO, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion for leave to file an amended complaint filed by Plaintiff John. L. Ervin. (ECF No. 95).

**I. Background**

On May 6, 2014, Plaintiff John L. Ervin, proceeding pro se, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant County of San Diego ("the County") violated Plaintiff's constitutional right to due process by listing him on the California Child Abuse Central Index ("CACI"). (ECF No. 1).

On April 1, 2015, Plaintiff filed the First Amended Complaint ("FAC") which alleged claims against the County, as well as newly-named Defendants Brenda Daly, Robert Lough, Debra Zanders-Willis, and Kamala Harris. (ECF No. 40). On September 24, 2015, the Court granted two motions to dismiss (ECF Nos. 43, 53) and dismissed the FAC without prejudice. (ECF No. 61).

On December 21, 2015, Plaintiff filed the Second Amended Complaint ("SAC").

(ECF No. 75). The SAC alleged claims against the County and Does 1 through 10 for violations of due process and equal protection of the law pursuant to 42 U.S.C. § 1983. The SAC also alleged a claim against Defendant Kamala Harris pursuant to 42 U.S.C. § 1983 seeking declaratory relief and alleging that California's procedure for listing individuals on the CACI violates Plaintiff's constitutional due process rights.

On January 25, 2016, Defendant Kamala Harris and the County each filed respective motions to dismiss (ECF Nos. 80, 81). The Court granted the motion to dismiss filed by Defendant Kamala Harris. (ECF No. 86 at 13-16). Pursuant to the *Younger* abstention doctrine, the Court denied the County's motion to dismiss without prejudice and stayed the case until further order of the Court. *Id.* at 18-19.

On November 18, 2016, the Court issued an order lifting the stay. (ECF No. 90 at 2). On December 7, 2016, the County filed a motion to dismiss the SAC. (ECF No. 91). On July 14, 2017, the Court granted the County's motion to dismiss and dismissed the SAC without prejudice as to the causes of action alleged against the County. (ECF No. 94). The Court stated, "Plaintiff shall file any motion for leave to file an amended complaint on or before August 11, 2017 and pursuant to Local Civil Rule 7.1." *Id.*

**II. Motion for Leave to File Third Amended Complaint**

On August 7, 2011, Plaintiff filed a motion seeking leave to file a third amended complaint against the County. (ECF No. 95). Plaintiff contends that amendment should be allowed because the motion is not made in bad faith and because the amended complaint addresses the deficiencies of his prior complaints. *Id.* The docket reflects that no response in opposition has been filed. On September 4, 2017, Plaintiff filed a reply asserting that the County has "chosen not to oppose the motion to amend." (ECF No. 96).

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme

Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Defendant has not filed any response in opposition to Plaintiff's motion. The Court concludes that Defendant has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

**III. CONCLUSION**

IT IS HEREBY ORDERED that the motion for leave to file a third amended complaint (ECF No. 95) is granted. No later than fourteen (14) days from the date this Order is filed, Plaintiff may file the proposed third amended complaint which is attached to the motion. If Plaintiff does not file the third amended complaint within fourteen (14) days, the Court will order the Clerk of Court to close the case.

DATED: November 3, 2017

**WILLIAM Q. HAYES**
United States District Judge