UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. ERVIN,<br><br>         Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO and<br>DOES 1-10, inclusive,<br><br>         Defendants. | Case No.: 14cv1142-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the motion to dismiss the third amended complaint filed by Defendant County of San Diego. (ECF No. 103).

## I.  BACKGROUND

  On May 6, 2014, Plaintiff John L. Ervin, proceeding pro se, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant County of San Diego ("the County") violated Ervin's constitutional right to due process by listing him on the California Child Abuse Central Index ("CACI"). (ECF No. 1).

  On July 21, 2014, the Court issued an Order staying the action "pending final resolution of the related action pending in San Diego Superior Court." (ECF No. 9 at 2). On February 13, 2015, the Court issued an Order granting a motion to reopen the action. (ECF No. 30 at 3).

On April 1, 2015, Ervin filed the First Amended Complaint ("FAC") which alleged claims against the County, as well as newly-named Defendants Brenda Daly, Robert Lough, Debra Zanders-Willis, and Kamala Harris. (ECF No. 40). On September 24, 2015, the Court granted two motions to dismiss (ECF Nos. 43, 53) and dismissed the FAC without prejudice. (ECF No. 61).

On December 18, 2015, the Court issued an Order granting Ervin leave to file a second amended complaint. On December 21, 2015, Ervin filed the Second Amended Complaint ("SAC"). (ECF No. 75). The SAC asserted claims against the County and Does 1 through 10 for violations of due process and equal protection of the law pursuant to 42 U.S.C. § 1983. The SAC also brought a claim against Defendant Kamala Harris pursuant to 42 U.S.C. § 1983 seeking declaratory relief and alleging that California's procedure for listing individuals on the CACI violates Ervin's constitutional due process rights.

On January 25, 2016, Defendant Kamala Harris filed a motion to dismiss (ECF No. 80) and the County filed a motion to dismiss (ECF No. 81). On June 21, 2016, this Court issued a ruling on both motions. (ECF No. 86). The Court granted the motion to dismiss filed by Defendant Kamala Harris due to lack of standing and, alternatively, the *Younger* abstention doctrine due to a second petition for writ of mandate filed by Ervin in state court. *Id.* at 13–16. Pursuant to the *Younger* abstention doctrine, the Court denied the County's motion to dismiss without prejudice and stayed the case until further order of the Court. *Id.* at 18–19.

On November 15, 2016, the County filed a status report stating that the related state court writ proceedings had concluded. (ECF No. 89). The status report included the state court order denying Ervin's petition for writ of mandate on the grounds that Ervin had failed to exhaust his administrative remedies. (ECF Nos. 89-1). The County stated that "Based on the foregoing, as well as on the Court's reasoning for staying this parallel federal matter . . . and absent any notice of Plaintiff's intent to pursue these state court proceedings any further, the County does not oppose an immediate lift of the stay." (ECF Nos. 89 at 2).

On November 18, 2016, the Court issued an order lifting the stay and stating, "Defendant shall have twenty (20) days from the date of this Order to refile the motion to dismiss or to file any other responsive pleading." (ECF No. 90 at 2).

On December 7, 2016, the County filed a motion to dismiss the SAC. (ECF No. 91). On July 14, 2017, the Court granted the motion and dismissed all causes of action alleged against the County without prejudice. (ECF No. 94).

On November 3, 2017, the Court granted Ervin leave to file a Third Amended Complaint ("TAC"). (ECF No. 97).

On November 13, 2017, Ervin filed the TAC, the operative pleading in this action. (ECF No. 100). The TAC asserts claims against the County and Does 1 through 10 for violations of due process and equal protection of the law pursuant to 42 U.S.C. § 1983 arising from Ervin's listing on the CACI. Ervin alleges that he was relisted on the CACI without due process and challenges the constitutional adequacy of the process afforded to him at grievance hearings held in connection with the listing. Ervin further alleges that the County deprived Ervin of equal protection of the law through his listing on the CACI because the County and its employees have animus towards Ervin and have treated him differently from others similarly situated. (ECF No. 100 at 15–18).

On November 27, 2017, the County filed a motion to dismiss the TAC with prejudice or, in the alternative, a stay of this action on *Younger* abstention grounds until the underlying state court reaches a conclusion. (ECF No. 103). On November 28, 2017, Ervin filed a response in opposition. (ECF No. 104). On January 2, 2018, the County filed a reply. (ECF No. 105).

Ervin appealed the state writ proceedings on April 19, 2017. The appeal remains pending before the Court of Appeal, Fourth Appellate District for the State of California.[1]

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of *Ervin v. County of San Diego*, No. D072057 (Cal. Ct. App. filed April 19, 2017). *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted)

## II. CONTENTIONS

The County contends that Ervin fails to properly allege *Monell* liability as required for a § 1983 claim against a municipality. The County contends that Ervin fails to state a procedural due process claim because Ervin received fair notice and a hearing prior to his listing on the CACI. The County contends that Ervin's equal protection claim fails because he does not sufficiently allege disparate treatment or discriminatory intent. Alternatively, the County contends that the Court should stay this case and abstain from ruling on *Younger* abstention grounds. The County asserts that an appeal from the second writ of mandate is currently pending in the state appellate court and that *Younger* is applicable because the writ procedure "provides a meaningful opportunity [Ervin] to present his constitutional claims for independent judicial review." (ECF No. 103-1 at 19). The County contends that this case should only be dismissed or stayed on *Younger* abstention grounds if the Court determines that Ervin sufficiently states a claim for relief. The County contends that the applicability of *Younger* does not prevent the Court from dismissing the TAC for failure to state a claim pursuant to Rule 12(b)(6) because dismissal for failure to state a claim "will have no bearing on the state court proceedings." (ECF No. 105 at 8).

In his opposition to the motion to dismiss, Ervin states, "[P]laintiff agrees . . . that given that State proceedings are ongoing the *Younger* abstention doctrine is ongoing, as such a stay is proper, and this litigation should reconvene after the State Court proceedings complete." (ECF No. 104 at 1). Ervin asserts that the Court stayed this federal action for the duration of writ proceedings before the state trial court and contends that the action should be similarly stayed for proceedings before the state appellate court.[2]

---

(holding that courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[2] In his opposition to the motion to dismiss, Ervin further states, "This opposition, is also intended to serve as the commencement of the Safe Harbor period pursuant to Rule 11, that Sanctions against the County are appropriate, if the County does not amend its pleading to remove any request to dismiss within 21 days." (ECF No. 104 at 1). The County states that it does not address the request for Rule 11 sanctions because it is procedurally improper. Although Plaintiff references the safe harbor notice requirement of

4

14cv1142-WQH-BGS

## III. DISCUSSION

"*Younger* and its progeny teach that federal courts may not, where circumstances dictate, exercise jurisdiction when doing so would interfere with state judicial proceedings." *Canatella v. State of California*, 304 F.3d 843, 850 (9th Cir. 2002). "A district court must abstain . . . on the basis of *Younger* where: (1) state proceedings are ongoing; (2) important state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings." *Id.* (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). *Younger* principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in addition to suits for injunctive and declaratory relief. *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004). In an action for damages, "relief is not discretionary, and it may not be available in the state proceedings." *Id.* at 980. Accordingly, "an abstention-based stay order, rather than a dismissal, is appropriate when damages are at issue." *Id.* at 975; *see also Los Altos El Granada Inv'rs v. City of Capitola*, 583 F.3d 674, 689 (9th Cir. 2009) ("In other words, because in damages cases there may yet be something for the federal courts to decide after completion of the state proceedings, the federal court cannot simply dismiss the action and require the plaintiff to assert all of his claims in the state court.").

The parties agree that *Younger* principles apply in this case at this stage in proceedings. Further, the Court has previously stayed this action while the writ proceedings were underway in Superior Court for the County of San Diego. (ECF No. 86). On June 21, 2016, the Court issued an Order which stated,

> The Court finds that the *Younger* principles apply in this case. Plaintiff initiated state proceedings in this case by filing a Petition for Writ of Mandate on January 28, 2014 and proceedings were initiated in this Court on May 6, 2014. State proceedings are ongoing and have been pending throughout this federal action. To rule on the constitutional issues in Plaintiff's first and second causes of actions against Defendant County and DOES 1-10 "would

---

Rule 11 of the Federal Rules of Civil Procedure, no motion for sanctions is presently before the Court. The Court makes no ruling on the parties' arguments related to Rule 11 sanctions.

5

> implicate the state's interest in administration of its judicial system, risk offense because it unfavorably reflects on the state court's ability to enforce constitutional principles, and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. Because Plaintiff seeks damages in his first and second causes of action against Defendant County and DOES 1-10, a stay of the claims against Defendant County and DOES 1-10 is appropriate.

(ECF No. 86). On November 18, 2016, the Court lifted the stay after receiving a status update from the County stating that the related state court writ proceedings had concluded on October 14, 2016 and "that absent notice of Plaintiff's intent to pursue these state court proceedings any further, the County does not oppose an immediate lift of the stay." (ECF No. 89 at 1-2). The Court subsequently ruled on a motion to dismiss the SAC filed by the parties and granted Ervin leave to file the TAC. (ECF Nos. 94, 97).

The parties' recent filings inform the Court that Ervin filed an appeal of the state court's denial of the petition for writ of administrative mandamus on April 19, 2017. (ECF Nos. 100, 103, 104, 105). The action remains pending before the state appellate court. *Younger* principles remain applicable to this case because state proceedings are ongoing. *See Gilbertson*, 381 F.3d at 969 n.4 ("proceedings are deemed on-going for purposes of *Younger* abstention until state appellate review is completed"). The Court concludes that abstention on *Younger* grounds is required at this stage in proceedings. Because Ervin seeks damages for its causes of action asserted against the County and Does 1–10, a stay is appropriate. *See* ECF No. 100 at 18.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss the third amended complaint filed by Defendant County of San Diego is denied without prejudice to refile within twenty (20) days of an order lifting the stay in this case. (ECF No. 103).

IT IS FURTHER ORDERED that, pursuant to the *Younger* abstention doctrine, this case is stayed until further order of the Court lifting the stay. The parties shall notify the Court within ten (10) days of any ruling on the pending appeal in state court. Any party

6

may request the stay to be lifted at any time.  The parties shall file a status report with this Court on May 18, 2018 and every sixty (60) days thereafter.

Dated:  March 22, 2018

*[signature: William Q. Hayes]*
Hon. William Q. Hayes
United States District Court